# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **DAVID VAN ELZEN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**LIGHTHOUSE SALES & MARKETING, LLC,** a Florida limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff David Van Elzen ("Van Elzen" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Lighthouse Sales & Marketing, LLC d/b/a Agent Link ("Agent Link" or "Defendant") to stop Defendant from violating the Telephone Consumer Protection Act by making artificial or pre-recorded voice calls to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by Agent Link's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Agent Link is a headhunter specializing in placement of licensed insurance agents.

2. Agent Link boasts that it maintains a database with "every licensed agent in the U.S" and that it provides its clients with the ability to target those agents.

3. In order to recruit agents, Agent Link places artificial or pre-recorded voice calls to consumers without obtaining their prior express consent.

4. Agent Link made an unsolicited, artificial or pre-recorded voice recruitment call to Plaintiff.

5. In response to this call, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to stop making artificial or pre-recorded voice calls to consumers without their consent, as well as an award of statutory damages to the members of the Class and costs.

## PARTIES

6. Plaintiff Van Elzen is a Menasha, Wisconsin resident.

7. Defendant Agent Link is a Florida limited liability company headquartered in Clearwater, Florida. Agent Link conducts business throughout this District, Florida, and the United States.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

9. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

**Agent Link Recruits Licensed Agents by Placing Artificial or Pre-recorded Voice Calls**

10. Agent Link advertises itself as being able to provide insurance brokerages with the exact types of licensed agents those brokerages are looking to recruit:

Experience



**Producer Liaison**
Agent Link Marketing
Jun 2016 – Present · 3 yrs 3 mos
Clearwater, FL

We have a database of every licensed insurance and financial producer in the US. We target that database in many different ways… email, direct mail, telephone calls. In fact, any way you can think of reaching and targeting producers, we do it! We help you get exactly the type of quality producer that is a great fit for your organization. Our goal is to make sure that you get results and ROI – return on your investment from your marketing dollars.



Watch your carrier, FMO, IMO or BGA grow!

[7]

11. As part of these efforts, Agent Link makes artificial or pre-recorded voice recruiting calls to insurance agents without obtaining their prior express consent.

12. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires prior express consent "for all … pre-recorded calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13. There are many complaints online regarding Agent Link's unwanted artificial or pre-recorded voice recruiting calls:

- "When I got the call today it said 'Hi, this is Adam from Agent Link.' I was a prerecorded thing. I just hung up. I am also a licensed insurance broker in my state, but I wouldn't touch these people with a 10-foot pole, based on the history of this number."[11]

- "Licensed Insurance recruiters???"[13]

- "Robocall looking for life and health agents"[14]

---

[7] https://www.linkedin.com/in/toby-brandenburgh-a5658234/
[11] https://800notes.com/Phone.aspx/1-702-444-4939/50
[13] https://800notes.com/Phone.aspx/1-936-209-3250
[14] https://www.shouldianswer.com/phone-number/9362093250

3

- "Life & Health Insurance Looking for sales agents."[16]

- "robocalls constantly."[17]

- "Life Insurance Robocall"[18]

- "soliciting ins agents"[19]

## PLAINTIFF'S ALLEGATIONS

### Agent Link Placed a Pre-recorded Call to Plaintiff Without His Consent

14. Plaintiff is a licensed insurance agent.

15. On April 24, 2019 at 10:43 AM, Plaintiff received an artificial or pre-recorded voice call to his cell phone from Defendant regarding the recruitment of final expense insurance agents.

16. The artificial or pre-recorded voice call that Plaintiff received gave the automated option to either opt-out of receiving future calls, or leave a name and number to be contacted. Plaintiff provided his name and number in order to learn the identity of the company who initiated the unsolicited call to his cell phone.

17. On April 26, 2019, Plaintiff received a voicemail that came straight to his phone from Toby of Agent Link. Toby explained that he received Plaintiff's message and was returning Plaintiff's call. No phone number was provided and Plaintiff is unsure which phone number Toby called from, as the call did not display on Plaintiff's cell phone, only the voicemail.

18. Upon information and belief, this is the Toby that contact Plaintiff:

---

[16] https://findwhocallsyou.com/9362093250?CallerInfo
[17] https://www.shouldianswer.com/phone-number/4072041250
[18] *Id.*
[19] *Id.*

[20]

19.     Plaintiff does not have a relationship with Agent Link, or any of its affiliated companies, nor has he ever consented to any contact from Defendant.

20.     Simply put, Agent Link did not obtain Plaintiff's prior express consent to place any telephone calls to him using an artificial or pre-recorded voice.

21.     Defendant's unauthorized telephone calls harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Van Elzen's use and enjoyment of his phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

22.     Seeking redress for these injuries, Van Elzen, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited artificial or pre-recorded voice calls to the cellular phone numbers.

---

[20] https://www.linkedin.com/in/toby-brandenburgh-a5658234/

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims
Arising From Calls Made by Agent Link**

23.     Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> All persons in the United States who from four years prior to the filing of this action (1) Defendant (or agents acting on behalf of Defendant) called (2) on their cellular phone number (3) using an artificial or pre-recorded voice.

24.     The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

25.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

26.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> (a)  whether Defendant used an artificial or pre-recorded voice message to call Plaintiff and members of the Class;

6

    (b) whether Defendant placed these calls to Plaintiff and members of the Class without first obtaining consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

27. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Class.

28. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Van Elzen and the Class)

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this Complaint and incorporates them by reference herein.

30. Defendant and/or its agents made unwanted telephone calls to Plaintiff and the other members of the Class using an artificial or pre-recorded voice.

31. These artificial or pre-recorded voice calls were made *en masse* without the consent of the Plaintiff and the other members of the Class.

32. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A), (B). As a result of Defendant's conduct, Plaintiff and the other members of the Class are each entitled to a minimum of $500 in damages for each violation, and up to $1,500 in damages for each violation in the event that the Court determines that Defendant's conduct was willful and knowing.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages for the benefit of Plaintiff and the Class;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**DAVID VAN ELZEN**, individually and on behalf of all others similarly situated

Dated: September 12, 2019

/s/ *Stefan Coleman*
Stefan Coleman (FL Bar No. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, Fl 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman* (FL Bar No. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Trial Counsel*

*Attorneys for Plaintiff and the putative Class*